# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CRYSTAL L. LIPFORD,
Appellant,

v.

UNITED STATES POSTAL SERVICE,
Agency.

DOCKET NUMBER
AT-0353-20-0166-I-1

DATE: July 24, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

John R. Macon, Memphis, Tennessee, for the appellant.

Lori Markle, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

In 2017, the appellant sustained an injury, which the Office of Workers' Compensation Programs (OWCP) found compensable. Initial Appeal File (IAF), Tab 5 at 27-28. She was absent from work for approximately 2 years following her injury. IAF, Tab 1 at 7.

In May 2019, the agency received an OWCP Form CA-17 (CA-17), Duty Status Report, completed by the appellant's doctor, outlining her medical restrictions. IAF, Tab 5 at 25-26. The report indicated, among other things, that she could only walk for up to 2 hours per day. *Id*. at 13. On May 14, 2019, the agency offered the appellant a full-time modified assignment. IAF, Tab 1 at 12. The appellant accepted the offer. *Id*.

In June 2019, the agency received updated medical restrictions for the appellant, indicating that she could sit for 7 hours per day and stand and walk each for 1 hour per day. IAF, Tab 5 at 22. The record does not reflect any change to the appellant's May 2019 job offer in June 2019 to incorporate these new restrictions. On October 16, 2019, the appellant's doctor completed a new CA-17 that appears consistent with the June 2019 restrictions. *Id*. at 16. On October 29, 2019, the agency offered the appellant a new modified assignment for only 4 hours per day, 5 days per week. *Id*. at 14-15. According to the appellant, the agency advised her it was reducing her work hours due to a lack of work. IAF, Tab 1 at 7. The appellant accepted the offer.[2] IAF, Tab 5 at 14.

This appeal followed, with the appellant asserting, among other things, that the agency reduced her work hours without first searching her commuting area for a full-time position within her medical restrictions. IAF, Tab 1 at 7. The appellant requested a hearing. *Id*. at 1.

---

[2] On review, the appellant indicates that the agency returned her to full-time work on January 23, 2020. Petition for Review File, Tab 1 at 5.

In her initial decision dismissing the appeal for lack of jurisdiction, the administrative judge found that the appellant nonfrivolously alleged that she was absent from her position due to a compensable injury and that she recovered sufficiently to return to work in a position with less demanding physical requirements. IAF, Tab 7, Initial Decision (ID) at 4. She concluded, however, that the appeal had to be dismissed because the appellant failed to nonfrivolously allege that the agency denied her request for restoration or that any such denial was arbitrary and capricious. *Id*. The administrative judge found that the Board lacked jurisdiction to consider the details and circumstances of the restoration to which the appellant objected. *Id*. The administrative judge also observed that, to the extent the appellant claimed she was denied a reasonable accommodation or otherwise subjected to discrimination, the Board lacked jurisdiction to consider such a claim absent an otherwise appealable action. ID at 5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Federal Employees' Compensation Act provides, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 6 (2012). As to "partially recovered" individuals, defined in the regulations as those who have recovered sufficiently to return to part-time or light duty, or to another position with less demanding physical requirements, agencies are required by regulation to "make every effort to restore [such individuals] in the local commuting area." *Scott*, 118 M.S.P.R. 375, ¶ 6; 5 C.F.R. §§ 353.102, 353.301(d).

Under 5 C.F.R. § 353.304(c), the Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 10 (2016).

In order to establish jurisdiction over a restoration appeal under that section, an appellant must nonfrivolously allege that (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *Id.*, ¶ 12. If the appellant makes nonfrivolous allegations of jurisdiction regarding all four elements of the jurisdictional standard, she is entitled to a hearing on the merits. *See id.*, ¶ 13.

Here, the administrative judge found that the appellant nonfrivolously alleged the first two elements of her partial restoration claim—that she was absent from her position due to a compensable injury and that she recovered sufficiently to return to work in a position with less demanding physical requirements. ID at 4. These findings are not challenged on review, and we discern no reason to disturb them.[3]

Regarding the third element of the jurisdictional test, the administrative judge found that the appellant failed to nonfrivolously allege that the agency denied her restoration because the record reflected that the agency made two offers of limited duty assignments, one in May 2019 and the other in October 2019, both of which the appellant accepted. ID at 4. The administrative judge

---

[3] A physically disqualified individual is one who cannot, or for medical reasons should not, perform the duties of her former position, and who is not expected to improve or recover. *Hamilton*, 123 M.S.P.R. 404, ¶ 15 n.9; 5 C.F.R. § 353.102. Here, it seems possible that the appellant is a physically disqualified individual rather than a partially recovered individual because her condition is chronic and the record does not indicate whether she is expected to recover. IAF, Tab 5 at 16. Regardless, the appellant's rights would be the same because after 1 year from the date eligibility for compensation begins, a physically disqualified individual is entitled to the rights accorded individuals who fully or partially recover, as applicable. *See Hamilton*, 123 M.S.P.R. 404, ¶ 15 n.9; 5 C.F.R. § 353.301(c).

also indicated that the Board lacked jurisdiction to review the details and circumstances of the restoration. *Id*.

The Board has indeed held that a partially recovered individual who has been restored to duty may not challenge the details or circumstances of the restoration. *E.g.*, *Scott*, 118 M.S.P.R. 375, ¶ 9. The Board has also found, however, that an agency's rescission of a previously provided restoration or the discontinuation of a limited duty position may constitute an appealable denial of restoration. *Id*. The Board has additionally found that an agency's partial elimination of a previously afforded limited duty constitutes a rescission of a previously provided restoration. *Id*.

In *Scott*, the appellant initially received a limited duty assignment consisting of 8 hours of work per day following her partial recovery from a compensable injury. *Id*., ¶ 2. She thereafter received a modified assignment offer that reduced her work hours to 5 hours per day and, after that, received a modified assignment offer that further reduced her work hours to 2 hours per day. *Id*. The Board found each of these reductions in work hours to constitute a denial of restoration. *Id*., ¶¶ 9-10. The Board noted that an employee need not protest such an action for it to constitute a denial of restoration. *Id*., ¶ 10 n.2.

Here, similarly, the appellant initially received a limited duty assignment consisting of 8 hours of work per day following her partial recovery from a compensable injury but thereafter received a modified assignment offer that reduced her work hours to 4 hours per day. IAF, Tab 1 at 14. Accordingly, we find that there is at least a nonfrivolous allegation that the appellant was denied restoration when her work hours were reduced. *See Scott*, 118 M.S.P.R. 375, ¶ 10.

Regarding the fourth element of the jurisdictional test, the administrative judge found that the appellant failed to nonfrivolously allege that any denial of restoration was arbitrary and capricious. ID at 4. To satisfy the fourth element, an appellant must nonfrivolously allege that the agency failed to search within the

local commuting area for vacant positions to which it could restore her and to consider her for such vacancies. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20.

Here, the appellant asserts that the agency reduced her work hours without first searching the local commuting area for a full-time position within her medical restrictions.[4] IAF, Tab 1 at 7; PFR File, Tab 1 at 2, 4. Notably, at the time that the agency reduced the appellant's work hours, her most recent CA-17 suggested that she could work 8 hours per day. For example, she could sit for up to 7 hours per day and walk for up to 1 hour per day. IAF, Tab 5 at 16.

In its narrative response to this appeal, the agency indicated that it reduced the appellant's work hours in October 2019 both because it no longer had the same business needs as it did when it offered her the full-time position in May 2019, and because her updated medical report further restricted the amount of time she could stand and walk. *Id.* at 7-8. In *Scott*, the agency similarly argued that it merely reduced the appellant's work hours to what was operationally necessary within her medical restrictions. *Scott*, 118 M.S.P.R. 375, ¶ 12. However, because there was no indication that the agency in that case conducted a search for work within her medical restrictions in the local commuting area, the Board found that its reductions of her work hours constituted arbitrary and capricious denials of restoration. *Id.*

Here, because the agency does not dispute the appellant's assertion that it failed to search the local commuting area prior to reducing her hours, and the

---

[4] The appellant has also indicated that she believes an agency-wide search should have been performed. IAF, Tab 1 at 7; PFR File, Tab 1 at 5. However, as indicated above, jurisdiction over an alleged denial of restoration is established, as relevant here, by making a nonfrivolous allegation that the agency failed to comply with the minimum requirement to make every effort to restore a partially recovered individual in the local commuting area. *Cronin*, 2022 MSPB 13, ¶ 20; 5 C.F.R. § 353.301(d). To the extent that the appellant argues that, under *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), the agency was required to provide her with work that was available, regardless of whether such work fell within the duties of a vacant position, the Board has since overruled this holding from *Latham*. PFR File, Tab 1 at 5; IAF, Tab 1 at 7, Tab 6 at 3-4; *Cronin*, 2022 MSPB 13, ¶¶ 15-20.

record otherwise fails to indicate that it conducted a local commuting area search, we find that the appellant has nonfrivolously alleged that the agency's reduction of her work hours constituted an arbitrary and capricious denial of restoration. Accordingly, we find that the appellant has established the Board's jurisdiction over this partial restoration appeal.[5]

The appellant has also alleged that the agency discriminated against her based on her disability. IAF, Tab 1 at 8; PFR File, Tab 1 at 5. Because we find that the appellant has established the Board's jurisdiction over this restoration appeal, on remand, the administrative judge must also adjudicate the appellant's disability discrimination claim. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 21. We emphasize, however, that claims of prohibited discrimination or reprisal cannot serve as an alternative means of showing that a denial of restoration was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶ 21-22.

The appellant further asserts that the agency failed to respond to her discovery requests. PFR File, Tab 1 at 2-3. We find it unnecessary to address this assertion because any outstanding discovery matters can be addressed on remand. *See Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 15 (2009).

---

[5] On review, the appellant attaches a pleading she submitted below. IAF, Tab 6; PFR File, Tab 1 at 13-18. She also attaches arguments and evidence that are not in the record below. PFR File, Tab 1 at 7-12, 19-22. Because we find that the existing record is sufficient to establish jurisdiction, we have not considered these documents for the first time on review. If appropriate, and in accordance with the Board's procedures, on remand the appellant may submit these documents into the record.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.